IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS LASHAWN DAVIS,<br>AIS 170984,<br><br>    Plaintiff,<br><br>    v.<br><br>ALABAMA BUREAU OF<br>PARDONS AND PAROLES,<br>GABRELLE SIMMONS, LEIGH<br>GWATHNEY, and DARRYL<br>LITTLETON,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 2:23-CV-725-WKW<br>[WO] |

## **ORDER**

Before the court is Plaintiff Thomas Lashawn Davis's motion to reinstate this action (Doc. # 12), which is construed as a motion to vacate the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons to follow, the motion will be granted.

Plaintiff, proceeding *pro se*, filed this Complaint using a form for inmates to file 42 U.S.C. § 1983 actions. His Complaint was docketed on December 15, 2023. (Doc. # 1.) In the Order granting Plaintiff *in forma pauperis* status and directing the submission of an initial partial filing, Plaintiff was instructed to report any change of address within ten days of such change. The Order also warned Plaintiff that his failure to report a change of address would result in dismissal of his action. (Doc.

# 4 at 4.) The docket reflected that Plaintiff received a copy of that Order. (*See* Doc. # 6.)

Subsequently, when it was discovered that Plaintiff was no longer at his last known address, the Magistrate Judge entered an Order on December 6, 2024, directing Plaintiff to provide a current address by December 16, 2024, or show cause why his action should not be dismissed. (Doc. # 7.) Plaintiff did not respond to the December 6th Order. On January 23, 2025, the Magistrate Judge recommended dismissal of this action without prejudice due to Plaintiff's failure to comply with the court's directives. (Doc. # 8.) Plaintiff was given until February 6, 2025, to file objections (Doc. # 8), but no objections were filed. Thereafter, on March 25, 2025, the court adopted the Recommendation (Doc. # 10) and entered final judgment (Doc. # 11).

As grounds for his motion to vacate the judgment, Plaintiff asserts that he was in segregation without access to his legal mail or a law library from May 1, 2024, until March 25, 2025, when he was released into the general population at the Kilby Correctional Facility. He says that on April 17, 2025, he received "a bundle of legal mail," including the Order and Final Judgment entered in this action. (Doc. # 12 at 1.) He requests to proceed with his lawsuit, and he has provided notice of a change in his address.

For good cause shown, it is ORDERED as follows:

(1) Plaintiff's Rule 59(e) motion to vacate the judgment (Doc. # 12) is GRANTED;

(2) The Order (Doc. # 10) and Final Judgment (Doc. # 11) entered on March 25, 2025, are VACATED; and

(3) The Clerk of Court is DIRECTED (a) to reopen this action, (b) to update Plaintiff's address based upon the information he provided (Doc. # 12 at 3), and (c) to provide a copy of this Order and the Order entered on January 5, 2024 (Doc. # 4) to the inmate account clerk at the facility where Plaintiff is detained.

DONE this 13th day of June, 2025.

                                              /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE