IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS LASHAWN DAVIS, <br> AIS # 170984, <br><br> Plaintiff, <br><br> v. <br><br> ALABAMA BUREAU OF <br> PARDONS AND PAROLES; <br> GABRELLE SIMMONS, in her <br> individual and official capacities; <br> DARRYL LITTLETON, in his <br> individual and official capacities; <br> LEIGH GWATHNEY, in her <br> individual capacity; and HAL NASH, <br> in his official capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 2:23-CV-725-WKW <br> [WO] |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Thomas Lashawn Davis, who currently is incarcerated following the revocation of his state parole, brings this 42 U.S.C. § 1983 action against the Alabama Bureau of Pardons and Paroles, two of its current board members (Gabrelle Simmons and Darryl Littleton), and the board's former chair (Leigh Gwathney).[1]

---

[1] Leigh Gwathney no longer serves as the board's chair. Her successor is Hal Nash. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hal Nash is substituted as the defendant for the official-capacity claims. The Clerk of Court is DIRECTED to amend the caption as set forth above.

(Doc. # 1.) Plaintiff's claims arise from the hearing that resulted in the revocation of his previously granted state parole. (*See* Doc. # 1 at 2–3.) He seeks the reinstatement of his parole, the reactivation of his application for a pardon, and financial compensation for each day of his alleged unlawful imprisonment. (Doc. # 1 at 4.)

For the reasons to follow, Plaintiff's claims must be dismissed prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1).

## II. STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP). (Doc. # 4.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from state governmental officers or employees, the complaint also is subject to screening under 28 U.S.C. § 1915A. Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[2]

---

[2] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (internal citation omitted).

A court also may dismiss a claim as frivolous under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous if it lacks an arguable basis in fact. *Toussaint*, 2025 WL 2237376, at *3 (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (cleaned up).

Moreover, a complaint can be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

3

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed," *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (cleaned up), the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty., Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III.  BACKGROUND

**A.   Procedural History**

Plaintiff's 42 U.S.C. § 1983 complaint was docketed on December 15, 2023. (Doc. # 1.) On December 6, 2024, the court entered an Order directing Plaintiff to

4

show cause why his action should not be dismissed for failure to comply with the Order directing Plaintiff to keep the court informed of any change of address. (Doc. # 7.) After Plaintiff failed to respond to the Order, the Magistrate Judge recommended that Plaintiff's action be dismissed without prejudice. (Doc. # 8.) The Magistrate Judge's Recommendation was adopted, without objection, by Order dated March 25, 2025, and Plaintiff's action was dismissed without prejudice. (*See* Docs. # 10 & 11.) On April 21, 2025, Plaintiff's motion to reinstate his petition, was docketed. (Doc. # 12.) Thereafter, the court, construing Plaintiff's motion to reinstate his petition as a motion to vacate the judgment, reopened this action. (Doc. # 14.)

**B.** **Plaintiff's Claims and Requested Relief**

The complaint centers on the revocation of Plaintiff's parole, alleging a violation of due process rights. Plaintiff claims he was detained on June 8, 2023, for a parole violation and that a preliminary revocation hearing was held on July 6, 2023. He asserts that a "final hearing" was not conducted within the twenty business days required by Alabama Code § 15-22-32(a). Additionally, Plaintiff asserts that he "was not given the finding of facts for revocation" following the hearing, that he "[has] yet to receive any documentation of revocation or any type of paperwork from said hearing," and that he "only attended the preliminary revocation[,] not the final hearing when and if one was held." (Doc. # 1 at 3.) Plaintiff requests an order

5

reinstating his parole and "reactivat[ing]" his "application for a pardon," and he requests financial compensation for each day that he "was unlawfully imprisoned." (Doc. # 1 at 4.)

The named Defendants are the Alabama Bureau of Pardons and Paroles (Bureau), its current board members (Simmons and Littleton), and its former board chair (Gwathney). While Plaintiff does not specify the capacity in which he sues the individual Defendants, it is presumed for screening purposes that they are sued in both their individual and official capacities. Additionally, since Gwathney is no longer the board's chair, her successor, Hal Nash, is substituted as Defendant for the official-capacity claims, in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.

### IV.  DISCUSSION

Plaintiff's claims will now be reviewed under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). As explained, all claims fail the statutory screening requirements.

**A.  42 U.S.C. § 1983 Claims Against the Bureau**

The Bureau cannot be sued under 42 U.S.C. § 1983, regardless of the relief sought. First, as an arm of the State of Alabama, the Bureau is not considered a "person" under § 1983. *Stroud v. McIntosh*, 2011 WL 6838046, at *3 (M.D. Ala. Dec. 29, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)), *aff'd*, 722 F.3d 1294 (11th Cir. 2013). Second, as a state agency, the Bureau is shielded

from federal lawsuits by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 781 (1978) ("[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies."); *see also Fenderson v. Ala. Bd. of Pardons & Paroles*, 2013 WL 1908407, at *1 (M.D. Ala. May 7, 2013) ("[T]he law is clear that state agencies are absolutely immune from suit under § 1983." (citing *Pugh*, 438 U.S. at 782)). The only exceptions are where the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)); *see also* Ala. Const. Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."). Therefore, all claims against the Bureau are subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii) and 1915A(b)(1). *See Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit).

## B. 42 U.S.C. § 1983 Claims Against the Individual Defendants in Their Official and Individual Capacities for Monetary Damages and Injunctive Relief

Plaintiff has sued the individual Defendants—Simmons, Littleton, and Nash—in their official capacities, seeking monetary damages and injunctive relief. He also has sued Simmons, Littleton, and Gwathney in their individual capacities, seeking monetary damages and injunctive relief.

### 1. *Official-Capacity Claims for Monetary Damages Against Simmons, Littleton, and Nash*

Simmons, Littleton, and Nash are sued in their official capacities for monetary damages. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). In other words, official-capacity lawsuits are "in all respects other than name . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). For this reason, the Eleventh Amendment bars 42 U.S.C. § 1983 actions seeking monetary damages brought in federal court against state officers in their official capacities. *See Will*, 491 U.S. at 66–71; *accord Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995). And, as already discussed, Alabama's Eleventh Amendment immunity has not been waived or abrogated.

Here, Plaintiff's official-capacity claims for monetary damages against Simmons, Littleton, and Nash are tantamount to claims against the State of Alabama

itself. Therefore, these claims must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1)–(2).

### 2. *Individual-Capacity Claims for Monetary Damages Against Simmons, Littleton, and Gwathney*

Simmons, Littleton, and Gwathney are sued in their individual capacities for monetary damages. Parole board members engage in tasks functionally similar to those of judges when deciding to grant, deny, or revoke parole. When parole board members are sued for their inherently adjudicative functions, quasi-judicial immunity protects them from liability for damages claims in their individual capacities. *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam) (collecting cases); *see also Sultenfuss v. Snow*, 894 F.2d 1277, 1279 (11th Cir. 1990) (per curiam) ("[W]e have long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon the decision to grant or withhold parole.") (citing *Fuller v. Ga. State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988)); *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994) ("Most federal courts . . . have consistently held that parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole."); *Henderson v. Gwathney*, 2020 WL 4514657, at *2 (M.D. Ala. July 14, 2020) (finding that the defendants were entitled to quasi-judicial immunity for damages in their individual capacities because the plaintiff's challenge to the parole revocation was "inextricably intertwined with [the defendants'] decision-making

9

authority as members of the parole board"), *report and recommendation adopted*, 2020 WL 4514579 (M.D. Ala. Aug. 5, 2020).

Plaintiff alleges that Simmons, Littleton, and Gwathney failed to follow required procedures during his parole revocation proceedings. (Doc. # 1 at 3.) Because the allegations pertain to their adjudicative duties, these Defendants are protected by quasi-judicial immunity. Therefore, Plaintiff's 42 U.S.C. § 1983 claims for monetary damages against Simmons, Littleton, and Gwathney in their individual capacities must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 3. *Individual-Capacity Claims for Injunctive Relief Against Simmons, Littleton, and Gwathney*

Simmons, Littleton, and Gwathney are sued in their individual capacities for injunctive relief that aims to reinstate Plaintiff's parole and reactivate his pardon application. (Doc. # 1 at 4.) Subject matter jurisdiction over these claims is absent for lack of Article III standing. "Without redressability, there is no standing." *Gilley v. Gwathney*, 2025 WL 2154305, at *2 (M.D. Ala. July 29, 2025) (collecting cases). Redressability means that the court's judgment as to the defendant will compensate for the plaintiff's injury, whether directly or indirectly. *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc) (citation omitted). Under 42 U.S.C. § 1983, the law is well-settled that "a plaintiff cannot sue an official in her individual capacity for injunctive or declaratory relief." *Gilley*, 2025 WL 2154305, at *2

(citations and internal quotation marks omitted). "This is because public officials in their individual capacities lack the power to comply with equitable orders." *Id.* (citations omitted).

Each of Plaintiff's demands for injunctive relief can only be accomplished by public officials acting within their official capacity. Neither Simmons nor Littleton nor Gwathney, acting in their individual capacities, has the power to take any action with respect to the board's parole and pardon decisions. A judgment against these Defendants in their individual capacities would not compensate for Plaintiff's alleged injuries. Therefore, the redressability requirement of Article III standing is missing, and Plaintiff's § 1983 claims for injunctive relief against Simmons, Littleton, and Gwathney in their individual capacities must be dismissed for lack of subject matter jurisdiction and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

C. **Review Under § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1): Frivolity and Failure to State a Claim**

At this stage of the screening process, the remaining claims are Plaintiff's due process claims against Simmon, Littleton, and Nash in their official capacities for injunctive relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (citation modified)). Plaintiff's due process

11

claims are twofold: one addresses the revocation of parole without due process, while the other concerns the denial of a pardon without due process. Neither claim survives screening.

42 U.S.C. § 1983 permits private citizens to file lawsuits against state officials for violations of federal laws. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983. To state a claim under § 1983, a plaintiff must allege two elements: first, he must allege a violation of a right protected by federal laws; and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff's claims are based on alleged violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment's Due Process Clause protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiff's allegations seek to invoke the deprivation of a liberty interest. Such an interest may

originate from the United States Constitution itself or be established through state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

### 1. *Alleged Liberty Interest in Parole Grants and the* Heck *Bar*

#### a. **Liberty Interest: Generally**

The United States Constitution does not recognize a liberty interest in the right to parole. *See Jones v. Ray*, 279 F.3d 944, 945 (11th Cir. 2001) ("It . . . is well-settled that there is no federal constitutional right to parole." (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."))). Additionally, Alabama law has not created such a liberty interest. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) ("[W]e have previously determined that the Alabama parole statute, Ala. Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion."); *see also Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (per curiam) (holding that the Alabama parole statute is discretionary, not mandatory, and does not create a liberty interest (citations omitted)). In short, there is no liberty interest in the expectation of parole.

Here, though, Plaintiff asserts a liberty interest not merely in the expectation of parole, but in the parole that was previously granted. This factual distinction

makes a legal difference. Alabama parolees possess a liberty interest in maintaining their parole status. More than fifty years ago, the United States Supreme Court in *Morrissey v. Brewer* underscored the liberty interest a parolee has in his or her granted parole status. 408 U.S. 471, 481 (1972). The Court held:

> [T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others. . . . By whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment.

*Id.* Therefore, once a state grants parole to a prisoner, its revocation of that parole must comply with federal due process. *Id.* at 483–90 (explaining the nature of the informal process required). Additionally, following *Morrissey*, the Eleventh Circuit in *Ellard v. Alabama Board of Pardons & Paroles* held that the Alabama parole board's decision to grant parole created a constitutionally protected liberty interest. 824 F.2d 937, 944–45 (11th Cir. 1987).

In this case, Plaintiff alleges that Defendants violated procedural safeguards in revoking his parole thus infringing upon his due process rights. He asserts that he was detained on June 8, 2023, for a parole violation and attended a preliminary revocation hearing on July 6, 2023. He further contends that a final hearing was not held within the twenty business days required by Alabama law and that he did not receive the findings of fact or any related documentation. (Doc. # 1 at 3–4.) However, he has not claimed that his parole revocation has been "reversed,

14

expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Therefore, his claim is "*Heck*-barred," as now will be explained.

### b. The *Heck* Bar

Although Plaintiff's § 1983 due process claims alleging procedural errors in his parole revocation proceeding might "come within the literal terms of § 1983," the Supreme Court's decision in *Heck* precludes such claims. *Heck*, 512 U.S. at 481. According to *Heck*, claims challenging the legality of a prisoner's confinement cannot be brought under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Claims that necessarily imply the invalidity of the punishment imposed are barred by the *Heck* rule, whether the relief sought is monetary damages, injunctive relief, or a declaratory judgment. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The *Heck* rule extends to challenges regarding the fact or duration of parole revocation. In *Green v. McGill-Johnston*, the Eleventh Circuit held that *Heck* barred the prisoner's § 1983 claims alleging procedural deficiencies in his parole revocation. The claims, "if proven true, would have necessarily implied the

invalidity of his parole revocation . . . and his resulting imprisonment." 685 F. App'x 811, 812 (11th Cir. 2017) (per curiam).

In *Heck*, the Court also explained that "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." 521 U.S. at 481 (citation omitted). The Court spoke in clear terms, emphasizing that its holding was "den[ying] the existence of a cause of action" under 42 U.S.C. § 1983. *Id.* at 489.

Here, a favorable ruling from this court on Plaintiff's due process claims raising procedural errors in his parole revocation necessarily would undermine that revocation and resulting sentence. Plaintiff has not alleged any facts indicating that his parole revocation or current sentence has been overturned or otherwise invalidated through appropriate legal action. Hence, Plaintiff's claims, if proven true, would necessarily imply the invalidity of his parole revocation and subsequent imprisonment and are *Heck*-barred. Accordingly, these claims must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and instead must be raised in a petition for writ of habeas corpus.[3]

---

[3] During the pendency of this action, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Davis v. Simmons*, 2:25-cv-365-ECM-SMD (M.D. Ala. May 13, 2025). This Memorandum Opinion and Order expresses no opinion on the merits or propriety of that petition.

16

### 2. *Alleged Liberty Interest in a Pardon*

Plaintiff's due process claim seeking reactivation of his pardon application also does not survive the mandatory screening requirements but for a different reason. Plaintiff lacks a constitutionally protected liberty interest in securing a pardon. *See Johnson v. Wynne*, 2019 WL 7501337, at *5–6 (M.D. Ala. Dec. 9, 2019) (detailing the reasons the Alabama inmate did not have a "constitutionally protected liberty interest in receiving a pardon"), *report and recommendation adopted*, 2020 WL 96579 (M.D. Ala. Jan. 8, 2020). Because Plaintiff is attempting to invoke a nonexistent liberty interest in parole, this due process claim is frivolous and fails to state a claim upon which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Therefore, it must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

### D. <u>Amendment Would Be Futile</u>

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed."

*Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).

Based on the applicable immunity doctrines and the *Heck* bar, this § 1983 action is not permitted. Any amendment to the § 1983 complaint would not cure these defects. Accordingly, leave to amend will not be granted.

## V. CONCLUSION

Plaintiff's 42 U.S.C. § 1983 complaint fails to survive the mandatory screening required by 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) and § 1915A(b)(1)–(2) for these reasons:

(1)  All claims against the Alabama Bureau of Pardons and Paroles are frivolous under §§ 1915(e)(2)(B)(i), (iii) and 1915(b)(1);

(2)  The official-capacity claims for monetary damages against Simmons, Littleton, and Nash are subject to dismissal under §§ 1915(e)(2)(B)(iii) and 1915A(b)(2);

(3)  The individual-capacity claims against Simmons, Littleton, and Gwathney for monetary damages are subject to dismissal under §§ 1915(e)(2)(B)(iii) and 1915A(b)(2);

(4)  The individual-capacity claims against Simmons, Littleton, and Gwathney for injunctive relief are subject to dismissal for lack of subject matter jurisdiction and as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1);

(5) The Fourteenth Amendment due process claim based on an alleged liberty interest in his previously granted (now revoked) parole status is barred by *Heck* and subject to dismissal under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

(6) The Fourteenth Amendment due process claim based on an alleged liberty interest in a pardon is frivolous and fails to state a claim under §§ 1915(e)(2)(i)–(ii) and 1915A(b)(1).

Accordingly, it is ORDERED that this action is DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) and § 1915A(b)(1)–(2).

It further ORDERED that the Clerk of Court shall amend the caption as set forth on page one of this Memorandum Opinion and Order.

Final judgment will be entered separately.

DONE this 8th day of October, 2025.

/s/ W. Keith Watkins<br>
UNITED STATES DISTRICT JUDGE